UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. _____
*Electronically Filed*

SARAH VAUGHN, RACHELLE HANSON,
and HEATHER WENTWORTH, on behalf of
themselves and all others similarly situated                                             PLAINTIFFS

v.

BLUEWATER TOXICOLOGY, LLC, d/b/a
BLUEWATER DIAGNOSTIC LABORATORY

    *Serve via Certified Mail*
    Jennifer Bolus
    207 South Bardstown Road
    Mt. Washington, Kentucky 40047

and

JENNIFER BOLUS                                                                                              DEFENDANTS

    *Serve via Certified Mail*
    Jennifer Bolus
    207 South Bardstown Road
    Mt. Washington, Kentucky 40047

**Collective-Action and Class-Action Complaint**

Plaintiffs Sarah Vaughn, Rachelle Hanson, and Heather Wentworth, on behalf of themselves and all others similarly situated, submit this Collective-Action and Class-Action Complaint against Defendants Bluewater Toxicology, LLC, d/b/a Bluewater Diagnostic Laboratory and Jennifer Bolus.

**Introduction**

1.     Vaughn, Hanson, and Wentworth, on behalf of themselves and all others similarly situated, bring this action against their former employer, Bluewater, and its owner, Bolus, to

redress violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Kentucky Wages and Hours Act, KRS 337.010 *et seq*. Defendants' violations of both statutes have deprived Vaughn, Hanson, Wentworth, and dozens of other similarly-situated current and former employees of wages to which they are entitled by law.

2. Vaughn, Hanson, Wentworth, and similarly-situated current and former employees regularly worked more than 40 hours in a workweek, often as many as 16 or more hours a day and 60-70 hours or more a week, without being paid time-and-a-half for all hours worked in excess of 40 hours in the workweek.

3. Vaughn, Hanson, Wentworth, and similarly-situated current and former employees, despite working significant amounts of overtime hours, were not provided with statutorily-mandated meal and rest breaks.

4. This action is brought to recover unpaid wages owed to Vaughn, Hanson, Wentworth, and a collective (under federal law) and a class (under state law) of similarly-situated current and former employees, as well as compensatory damages for Defendants' failure to provide Vaughn, Hanson, Wentworth, and a class (under state law) of similarly-situated current and former employees with the required meal and rest breaks.

### Parties, Jurisdiction, and Venue

5. Vaughn is, and at all times relevant to this action was, a citizen and resident of Georgetown, Scott County, Kentucky.

6. Hanson is, and at all times relevant to this action was, a citizen and resident of Lexington, Fayette County, Kentucky.

7. Wentworth is, and at all times relevant to this action was, a citizen and resident of Radcliff, Hardin County, Kentucky.

8. Bluewater is, and at all times relevant to this action was, a limited liability company organized under the laws of the Commonwealth of Kentucky. Bluewater conducts, and at all times relevant to this action conducted, business in the Commonwealth of Kentucky, including in Fayette County, Kentucky. Bluewater may be served with process via its registered agent for service of process, Jennifer Bolus, at 207 South Bardstown Road, Mt. Washington, Kentucky 40047.

9. Bolus is, and at all times relevant to this action was, a citizen and resident of Mt. Washington, Bullitt County, Kentucky, and the owner and sole member of Bluewater. She may be served with process at 207 South Bardstown Road, Mt. Washington, Kentucky 40047.

10. Vaughn, Hanson, and Wentworth's claims for unpaid wages are brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Kentucky Wages and Hours Act, KRS 337.010 *et seq*. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1131. The Court has supplemental jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367.

11. The United States District Court for the Eastern District of Kentucky, Central Division at Lexington, is the appropriate venue for this action pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1(a)(2)(B).

**Facts**

12. Bluewater provides diagnostic laboratory services to healthcare facilities, physicians, medical staff, and their patients.

13. Starting in or around March or April 2020, Bluewater also began providing COVID-19 testing at various sites in Lexington, Fayette County, Kentucky, including the Men's Hope Center, the Salvation Army, Bluegrass Community & Technical College, the Fayette County Detention Center, The Red Mile, and at various pop-up sites.

14. Bluewater also provided COVID-19 testing at various sites in Louisville, Jefferson County, Kentucky, including at the University of Louisville and at Bellarmine University, among others.

15. At all times relevant to this action, Bluewater was an enterprise engagement in interstate commerce as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1), with annual revenue in excess of $500,000.00.

16. Defendants employed Vaughn, Hanson, and Wentworth and were responsible for establishing and administering pay and overtime pay rates, duties, performance expectations, and all other material terms and conditions of employment.

17. Defendants represented to Vaughn, Hanson, and Wentworth, via Bluewater's Employee Handbook, that they would pay overtime wages to all employees entitled to such wages under state and federal law.

18. During their employment, Vaughn, Hanson, and Wentworth were entitled to overtime wages under state and federal law.

### Sarah Vaughn

19. Vaughn was hired by Bluewater on or about March 18, 2019, as an "IOP," or in-office phlebotomist. Bluewater terminated Vaughn's employment on November 25, 2020.

20. Vaughn was paid a salary of $35,360.00 per year.

21. As an IOP, at least from the time she was hired and until April 2020, Vaughn was assigned to Recovery Works, a drug and alcohol rehabilitation facility, and HealthCore Family Practice, a family medical practice, in Scott County, Kentucky, where she collected blood and toxicology samples.

22. As a result of the COVID-19 pandemic, the demand for in-office blood and toxicology sample collection decreased significantly. COVID testing, however, was ramping up, and Bluewater moved Vaughn to its COVID testing sites. Vaughn was primarily assigned to work testing sites in Lexington, Fayette County, Kentucky, though she also worked from time to time at sites in Louisville, Jefferson County, Kentucky.

23. While working at COVID testing sites, Vaughn performed a variety of menial duties, such as data entry; "swabbing," or inserting a swab into the cavity between the nose and. mouth to collect material to be tested; and "manifesting," or gathering the driver's license, insurance card, and other personal information of individuals receiving a COVID test.

24. Vaughn did not have any supervisory or managerial duties. She could not hire, fire, or discipline other employees, or otherwise direct or control any of the material terms and conditions of employment of any other employees.

25. From April 2020, when she began working at COVID testing sites, until November 25, 2020, when her employment was terminated, Vaughn worked significant amounts of overtime. Bluewater, however, never paid Vaughn time-and-a-half for all overtime hours worked, as required by both the Fair Labor Standards Act and the Kentucky Wages and Hours Act.

26. On several occasions, Vaughn received what Bluewater called "incentive pay" for working on a Saturday and/or Sunday. This pay, however, amounted to approximately 6.5 hours' worth of pay at her regular rate of pay, regardless of the number of hours she had worked that week or the number of hours she worked that weekend for which she received the "incentive pay."

27. From April 2020, when she began working at COVID testing sites, until November 25, 2020, when her employment was terminated, Vaughn was rarely provided with meal and rest breaks as required by the Kentucky Wages and Hours Act. Bluewater's COVID testing sites were

extremely busy and understaffed, a combination that prevented Vaughn, and nearly all of its other employees working at these sites, from taking mandated meal and rest breaks.

### Rachelle Hanson

28. Hanson was hired by Bluewater on or about July 23, 2020, as a "Lead Processor." Bluewater terminated Hanson' employment on November 25, 2020.

29. Hanson was paid a salary of $33,280.00 per year.

30. Hanson worked at COVID testing sites in Lexington, Fayette County, Kentucky, and Louisville, Jefferson County, Kentucky. Her duties, too, were menial: data entry, "manifesting," and billing.

31. Hanson did not have any supervisory or managerial duties. She could not hire, fire, or discipline other employees, or otherwise direct or control any of the material terms and conditions of employment of any other employees.

32. Throughout her employment, Hanson worked significant amounts of overtime. Bluewater, however, never paid her time-and-a-half for all overtime hours worked, as required by both the Fair Labor Standards Act and the Kentucky Wages and Hours Act.

33. On several occasions, Hanson received what Bluewater called "incentive pay" for working on a Saturday. This pay, however, amounted to approximately 6.5 hours' worth of pay at her regular rate of pay, regardless of the number of hours she had worked that week or the number of hours she worked on the Saturday for which she received the "incentive pay."

34. Throughout her employment, Hanson was rarely provided with meal and rest breaks as required by the Kentucky Wages and Hours Act. Bluewater's COVID testing sites were extremely busy and understaffed, a combination that prevented Vaughn, and nearly all of its other employees working at these sites, from taking mandated meal and rest breaks.

### Heather Wentworth

35. Wentworth was hired by Bluewater on or about March 18, 2019, as an "IOP," or in-office phlebotomist. Wentworth resigned her employment with Bluewater on or around October 8, 2020.

36. Wentworth was paid a salary of $29,120.00 per year.

37. In or around March 2020, Bluewater increased Wentworth's salary to $33,3280.00 per year.

38. As an IOP, at least from the time she was hired and until April 2020, Wentworth was assigned to various client accounts, such as Specialists in Pain Care, where she collected blood and toxicology samples.

39. Wentworth was also considered a "float," meaning that she filled in for other Bluewater employees—those who were on vacation, those who called in sick or otherwise missed work—and completed their phlebotomist duties, wherever they needed to be performed.

40. Starting in or around March 2020 and continuing until her resignation in October 2020, Wentworth also worked at COVID-19 testing sites in Lexington, Fayette County, Kentucky, and Louisville, Jefferson County, Kentucky.

41. While working at COVID testing sites, Wentworth performed a variety of menial duties, such as data entry, "swabbing," and "manifesting."

42. Wentworth did not have any supervisory or managerial duties. She could not hire, fire, or discipline other employees, or otherwise direct or control any of the material terms and conditions of employment of any other employees.

43. Throughout her employment with Bluewater, Wentworth regularly worked in excess of 40 hours in a workweek. Bluewater, however, never paid Wentworth time-and-a-half for all overtime hours worked, as required by both the Fair Labor Standards Act and the Kentucky Wages and Hours Act.

44. On several occasions, Wentworth received what Bluewater called "incentive pay" for working on a Saturday and/or Sunday. This pay, however, amounted to approximately 6.5 hours' worth of pay at her regular rate of pay, regardless of the number of hours she had worked that week or the number of hours she worked that weekend for which she received the "incentive pay."

45. Throughout her employment, Wentworth was rarely provided with meal and rest breaks as required by the Kentucky Wages and Hours Act.

**Collective-Action Allegations**

46. Vaughn, Hanson, and Wentworth bring this action, in part, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and a collective of other similarly-situated current and former employees to recover unpaid overtime wages for time spent working in excess of 40 hours in a workweek, in violation of 29 U.S.C. § 207, defined as follows:

> All current and former non-exempt employees of Defendants who are working or who worked at any time between March 18, 2019, and the present.

47. Questions of fact and law common among Vaughn, Hanson, Wentworth, and the Collective include, but are not limited to, the following:

    A. whether Vaughn, Hanson, Wentworth, and the Collective worked in excess of 40 hours in any given workweek;

B. whether Defendants failed to pay Vaughn, Hanson, Wentworth, and the Collective proper overtime compensation in violation of 29 U.S.C. § 207(a);

C. whether Defendants continue to fail to pay current employees proper overtime compensation in violation of 29 U.S.C. § 207(a); and

D. whether Defendants' failure to pay Vaughn, Hanson, Wentworth, and the Collective proper overtime wages for all such time spent working was willful within the meaning of the Fair Labor Standards Act.

48. There are dozens, if not more, of other similarly-situated current and former employees of Defendants who have been improperly compensated in violation of the Fair Labor Standards Act and who would benefit from the issuance of a Court-approved or Court-supervised notice of this collective action by being given the opportunity to join this collective action pursuant to 29 U.S.C. § 216(b).

49. Vaughn, Hanson, Wentworth, and each member of the Collective they seek to represent are similarly situated: they currently or formerly worked for Bluewater either in the field, in the lab, or at COVID testing sites; they perform, or formerly performed, the same or substantially similar duties; they report, or formerly reported, to the same supervisor(s); they are, or formerly were, paid the same or a substantially similar amount of money; they work, or formerly worked, more than 40 hours per week; they are not, or formerly were not, paid overtime compensation for all hours worked in excess of 40 hours each week; and Defendants do not, and never have, maintained adequate or accurate records of time spent working each day or each week.

50. Vaughn, Hanson, and Wentworth will adequately represent and protect the interests of the Collective.

51. Vaughn, Hanson, and Wentworth have retained competent counsel experienced with labor-and-employment matters, generally, and FLSA collective-action litigation, specifically. Indeed, counsel has successfully prosecuted and defended numerous wage-and-hour collective actions and successfully defended multiple class actions.

52. The names, addresses, and other contact information of the members of the Collective are readily available from Defendants through records that are normally are, or should be, maintained during the ordinary course of business.

53. Vaughn, Hanson, and Wentworth reserve the right to redefine the Collective prior to notice or certification and thereafter as may be warranted or necessary.

**Class-Action Allegations – Overtime Wages**

54. Vaughn, Hanson, and Wentworth bring this action, in part, pursuant to the Kentucky Wages and Hours Act and Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of other similarly-situated current and former employees to recover unpaid overtime wages for time spent working in excess of 40 hours in a workweek, in violation of KRS 337.285 and KRS 337.385, defined as follows:

> All current and former non-exempt employees of Defendants who are working or who worked at any time between March 18, 2019, and the present.

55. Members of the class are easily ascertainable, as their names and contact information are readily available from Defendants through records that normally are, or should be, maintained during the ordinary course of business.

56. <u>Numerosity, CR 23.01(a)</u>: The Class is so numerous that joinder of all members is neither feasible nor practicable. While the precise number of Class members has yet to be determined, Vaughn, Hanson, and Wentworth reasonably believe that more than 50 individuals

are currently employed, or were formerly employed, by Defendants within the applicable time period.

57.  <u>Commonality, CR 23.01(b)</u>: There are questions of law and fact common to the Class that predominate over any questions affecting only individual class members. These questions of law and fact include, but are not limited to:

    A.  whether Vaughn, Hanson, Wentworth, and the Collective worked in excess of 40 hours in any given workweek;

    B.  whether Defendants failed to pay Vaughn, Hanson, Wentworth, and the Collective proper overtime compensation in violation of KRS 337.285;

    C.  whether Defendants continue to fail to pay current employees proper overtime compensation in violation of KRS 337.285; and

    D.  whether Defendants' failure to pay Vaughn, Hanson, Wentworth, and the Collective proper overtime wages for all such time spent working was willful within the meaning of the Kentucky Wages and Hours Act.

58.  <u>Typicality, CR 23.01(c)</u>: Vaughn, Hanson, and Wentworth's claims are typical of the Class, and they possess the same interest and have suffered the same injury as the members of the Class: they were not paid time-and-a-half for all overtime hours worked in violation of KRS 337.285.

59.  With respect to both the commonality and typical elements, Vaughn, Hanson, Wentworth, and each member of the Class they seek to represent are similarly situated: they currently or formerly worked for Bluewater either in the field, in the lab, or at COVID testing sites; they perform, or formerly performed, the same or substantially similar duties; they report, or formerly reported, to the same supervisor(s); they are, or formerly were, paid the same or a

substantially similar amount of money; they work, or formerly worked, more than 40 hours per week; they are not, or formerly were not, paid overtime compensation for all hours worked in excess of 40 hours each week; and Defendants do not, and never have, maintained adequate or accurate records of time spent working each day or each week.

60. <u>Adequacy of Representation, CR 23.01(d)</u>: Vaughn, Hanson, and Wentworth will adequately represent and protect the best interests of the Class. None of their interests conflict with the interests of the Class, and Vaughn, Hanson, and Wentworth will vigilantly prosecute both their claims and the Class claims.

61. <u>Superiority of Class Action, CR 23.02</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, as joinder of all of the members of the Class is impracticable and the potential recovery on an individualized basis is modest. Furthermore, adjudication of this action through a class action will avoid the possibility of inconsistent and potentially conflicting individual adjudications of the asserted claims. There will be no difficulty in the management of this action as a class action.

62. Vaughn, Hanson, and Wentworth have retained competent counsel experienced with labor-and-employment matters, with FLSA collective-action litigation, and with class-action litigation. Counsel will commit and devote the necessary time and resources to zealously representing Vaughn, Hanson, and the Class.

63. Vaughn, Hanson, and Wentworth reserve the right to redefine the Class prior to notice or certification and thereafter as may be warranted or necessary.

**Class-Action Allegations – Meal and Rest Breaks**

64. Vaughn, Hanson, and Wentworth also bring this action, in part, pursuant to the Kentucky Wages and Hours Act and Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves as a class of other similarly-situated current and former employees to recover compensatory damages for Defendants' failure to provide them with statutorily-mandated meal and rest breaks, defined as follows:

> All current and former non-exempt employees of Defendants who are working or who worked at any time between March 18, 2019, and the present.

65. Members of the class are easily ascertainable, as their names and contact information are readily available from Defendants through records that normally are, or should be, maintained during the ordinary course of business.

66. <u>Numerosity, CR 23.01(a)</u>:  The Class is so numerous that joinder of all members is neither feasible nor practicable. While the precise number of Class members has yet to be determined, Vaughn, Hanson, and Wentworth reasonably believe that more than 50 individuals are currently employed, or were formerly employed, by Defendants within the applicable time period.

67. <u>Commonality, CR 23.01(b)</u>: There are questions of law and fact common to the Class that predominate over any questions affecting only individual class members. These questions of law and fact include, but are not limited to:

    A.    whether Defendants were aware that Vaughn, Hanson, Wentworth, and the Class were not provided with meal and rest breaks;

    B.    whether Defendants maintained a uniform policy, custom, plan, or practice of failing to provide Vaughn, Hanson, Wentworth, and the Class with meal and rest breaks;

    D.  whether Defendants violated KRS 337.355 by not providing Vaughn, Hanson, Wentworth, and the Class with meal breaks; and

    E.  whether Defendants violated KRS 337.365 by not providing Vaughn, Hanson, Wentworth, and the Class with rest breaks.

  68. <u>Typicality, CR 23.01(c)</u>: Vaughn, Hanson, and Wentworth's claims are typical of the Class, and they possess the same interest and have suffered the same injury as the members of the Class: they were not provided or were denied meal and rest breaks required by KRS 337.355 and 367.365.

  69. <u>Adequacy of Representation, CR 23.01(d)</u>: Vaughn, Hanson, and Wentworth will adequately represent and protect the best interests of the Class. None of their interests conflict with the interests of the Class, and Vaughn, Hanson, and Wentworth will vigilantly prosecute both their claims and the Class claims.

  70. <u>Superiority of Class Action, CR 23.02</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, as joinder of all of the members of the Class is impracticable and the potential recovery on an individualized basis is modest. Furthermore, adjudication of this action through a class action will avoid the possibility of inconsistent and potentially conflicting individual adjudications of the asserted claims. There will be no difficulty in the management of this action as a class action.

  71. Vaughn, Hanson, and Wentworth have retained competent counsel experienced with labor-and-employment matters and with class-action litigation. Counsel will commit and devote the necessary time and resources to zealously representing Vaughn, Hanson, and the Class.

## Count I:
## Violation of the Fair Labor Standards Act, 29 U.S.C. § 207

72. 29 U.S.C. § 207 provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

73. Vaughn, Hanson, and Wentworth were each an "employee" as defined by the FLSA. 29 U.S.C. § 203(e)(1).

74. Every member of the Collective is, or during his or her employment was, an "employee" as defined by the FLSA. *Id*.

75. Bluewater and Bolus are both an "employer" as defined by the FLSA. 29 U.S.C. § 203(d).

76. During their employment, Vaughn, Hanson, and Wentworth worked in excess of 40 hours in a workweek, but Defendants never paid them wages for all such hours at a rate of one-and-one-half times their regular rate of pay.

77. During their employment, members the Collective worked in excess of 40 hours in a workweek, but Defendants never paid them wages for all such hours at a rate of one-and-one-half their regular rate of pay.

78. By failing to pay Vaughn, Hanson, Wentworth, and the Collective proper overtime wages, Defendants have willfully, knowingly, intentionally, or recklessly violated the Fair Labor Standards Act.

79. As a result of Defendants' violations and unlawful acts, Vaughn, Hanson, Wentworth, and the Collective have suffered damages, including, but not limited to, unpaid overtime wages in an amount to be determined at trial. Vaughn, Hanson, Wentworth, and the

Collective are also entitled to recover injunctive relief, liquidated damages, pre-judgment interest, and attorneys' fees, costs, and expenses.

## Count II:
## Violation of the Kentucky Wages and Hours Act, KRS 337.285

80. KRS 337.285 provides that "[n]o employer shall employer any of his employees for a work week longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forth (40) hours in a work week at a rate of not less than one and one half (1-1/2) times the hourly wage rate at which he is employed."

81. Vaughn, Hanson, and Wentworth may sue for violation of KRS 337.285 through KRS 337.385.

82. Vaughn, Hanson, and Wentworth were each an "employee" as defined by the Wages and Hours Act. KRS § 337.010(1)(e).

83. Every member of the Class is, or during his or her employment was, an "employee" as defined by the Wages and Hours Act. *Id*.

84. Bluewater and Bolus are both an "employer" as defined by the Wages and Hours Act. KRS § 337.010(1)(d).

85. During their employment, Vaughn, Hanson, and Wentworth worked in excess of 40 hours in a workweek, but Defendants never paid them wages for all such hours at a rate of one-and-one-half times their regular rate of pay.

86. During their employment, every member of the Class worked in excess of 40 hours in a workweek, but Defendants never paid them wages for all such hours at a rate of one-and-one-half times their regular rate of pay.

87. Defendants' failure to pay Vaughn, Hanson, Wentworth, and the Class overtime wages was not in good faith, and Defendants had no reasonable grounds for believing that their actions did not violate state law.

88. Defendants' failure to pay Vaughn, Hanson, Wentworth, and the Class proper overtime wages in violation of the Wages and Hours Act was willful, knowing, intentional, or reckless.

89. As a result of Defendants' violations and unlawful acts, Vaughn, Hanson, Wentworth, and the Class have suffered damages, including, but not limited to, unpaid overtime wages in an amount to be determined at trial. Vaughn, Hanson, Wentworth, and the Class are also entitled to recover injunctive relief, liquidated damages, pre-judgment interest, and attorneys' fees, costs, and expenses.

### Count III:
### Violation of Kentucky Wages and Hours Act, KRS 337.355 and KRS 337.365

90. KRS 337.355 provides that employers "shall grant their employees a reasonable period for lunch, and such time shall be as close to the middle of the employee's scheduled work shift as possible. In no case shall an employee be required to take a lunch period sooner than three (3) hours after his work shift commences, nor more than five (5) hours from the time his work shift commences."

91. KRS § 337.365 provides that "[n]o employer shall require any employee to work without a physical rest period of at least ten (10) minutes during each four (4) hours worked[. . . .] This shall be in addition to the regularly scheduled lunch period. No reduction in compensation shall be made for hourly or salaried employees."

92. Vaughn, Hanson, and Wentworth may sue for violation of KRS 337.355 and 337.365 through KRS 446.070.

93. During their employment, Vaughn, Hanson, and Wentworth regularly worked at least, if not more than, 40 hours per week.

94. Despite their working hours, Defendant regularly failed to provide them with meal breaks in accordance with KRS 337.355 and rest breaks in accordance with KRS 337.365.

95. During their employment, every member of the Class regularly worked at least, if not more than, 40 hours per week.

96. Despite their working hours, Defendant regularly failed to provide members of the Class with meal breaks in accordance with KRS 337.355 and rest breaks in accordance with KRS 337.365.

97. As a result of Defendants' violations and unlawful acts, Vaughn, Hanson, Wentworth, and the Class suffered damages in an amount to be determined at trial.

## **Prayer for Relief**

Wherefore, Plaintiffs Sarah Vaughn, Rachelle Hanson, and Heather Wentworth respectfully request that they be awarded the following relief against Defendants Bluewater Toxicology, LLC, d/b/a Bluewater Diagnostic Laboratory and Jennifer Bolus:

A. trial by jury;

B. judgment against Defendants on all claims asserted in this Collective-Action and Class-Action Complaint;

C. for designation of this action as a collective action on behalf of the proposed Collective;

D. for designation of Vaughn, Hanson, and Wentworth as named representatives of the Collective;

  E. for designation of undersigned counsel as counsel for each member of the Collective;

  F. for issuance, at the earliest possible time, of notice to the members of the Collective, apprising them of their rights to opt in to this action and assert timely claims for unpaid overtime wages;

  G. for the equitable tolling of the statute of limitations from the date of filing of this Collective-Action and Class-Action Complaint until the expiration of the deadline for filing consent-to-join forms pursuant to 29 U.S.C. § 216(b);

  H. for designation of this action as a class action on behalf of the proposed Class;

  I. for designation of Vaughn, Hanson, and Wentworth as named representatives of the Class;

  J. for issuance, at the earliest possible time, of notice to the members of the Class, apprising them of this action and permitting them to assert timely claims for Defendants' failure to provide statutorily-required meal and rest breaks;

  K. for an award of compensatory damages, including, but not limited to, back pay for unpaid overtime wages and emotional distress and mental anguish;

  L. for an award of equitable relief, including, but not limited to, liquidated damages and injunctive relief to ensure Defendants' illegal pay practices cease immediately and to prevent future violations of state and federal law;

  M. for an appropriate incentive award for Vaughn, Hanson, and Wentworth for acting as named Plaintiffs, Collective representatives, and Class representatives;

  N. for an award of reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action;

O. for pre- and post-judgment interest; and

P. for any and all other relief to which they, the Collective, and the Class may be entitled.

Respectfully submitted,

**/s/ Matthew T. Lockaby**
Matthew T. Lockaby
Tamara J. Patterson
Lockaby PLLC
1795 Alysheba Way, Suite 4207
Lexington, Kentucky 40509
Tele:   859.263.7884
Fax:    844.270.3044
Email: mlockaby@lockabylaw.com

*Counsel for Plaintiffs, Sarah Vaughn and Rachelle Hanson, on behalf of themselves and all others similarly situated*
